UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
**Kellie Hawley**

Case No. 11-80671
Chapter 13

Social Security No. xxx-xx-5384
Address: 4333 Flintlock Lane, ,Durham, NC 27704-

Debtor

## OBJECTION TO CLAIM

**NOW COMES** the Debtor above-named, through counsel, pursuant to 11 U.S.C. §502 and Bankruptcy Rule 3007, who respectfully objects to the proof of claim filed by the creditor BAC Home Loans Servicing, LP and dated May 9, 2011, for the following reasons:

1. The Debtors believe the "pre-petition" arrearage claim in the amount of $18,596.22 is overstated.

2. The Proof of Claim asserts that BAC Home Loans Servicing, LP is entitled to fees totaling $150.00 for the following described expenses:
   a. Foreclosure Fees & Expenses: $150.00

3. Pursuant to N.C. Gen Stat. § 45-91, for a fee to be allowed, BAC Home Loans Servicing, LP must assess the fee within 45 days from the date which the fee was incurred, and must clearly and conspicuously explain the fee in a statement mailed to the borrower at the borrower's last known address within 30 days after assessing the fee.

4. BAC Home Loans Servicing, LP's proof of claim does not specify when the fees were incurred, and does not specify when the fees were assessed.

5. BAC Home Loans Servicing, LP's proof of claim does not include a copy of the explanatory statement mailed to the borrower at the borrower's last known address.

6. BAC Home Loans Servicing, LP's failure to provide notice of the fees charged constitutes a waiver of said fees pursuant to N.C. Gen Stat. § 45-91(3). See *In re Saeed*, No. 10-10303 (Bankr. M.D.N.C., Sept 17, 2010) (2010 WL 3745641). See also *In re Obie*, No. 09-80794, (Bankr. M.D.N.C,.Nov. 24, 2009) (2009 WL 4113587).

Because the Debtors contest the amount of the pre-petition arrearage claimed by said creditor in its Proof of Claim filed in this case, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 9014 of the Federal Rules of Bankruptcy Procedure, the Debtors are, by separate document attached herewith, requesting production from said creditor of a payment history and related

information.

**WHEREFORE**, the Debtors pray that the Court enter an Order disallowing the above referenced fees, and reducing the pre-petition arrearage claim accordingly. Furthermore, in the event that said creditor contests this objection by filing a formal response thereto, the Debtors request that, until such time as the aforementioned payment history is provided, the Court treat any hearing upon this Objection as preliminary, in accordance with the power vested in this Court pursuant to 11 U.S.C. 105(a).

Lastly, pursuant to N.C.G.S. § 6-18 & 19, the Debtors pray that the costs of this action be taxed to the Creditor and that the attorney for the Debtors be awarded fees in the amount of $500.00.

Dated: June 21, 2011

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Koury Hicks
Koury Hicks
N.C. State Bar No. 36204
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

claimomd.wpt (rev. 9/28/10)

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Kellie Hawley**

Case No.  11-80671
Chapter   13

Social Security No. xxx-xx-5384
Address:4333 Flintlock Lane,  ,Durham, NC 27704-

Debtor

### CERTIFICATE OF SERVICE

I, Renee Nolte, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on June 21, 2011.  I served copies of the foregoing **OBJECTION TO CLAIM** electronically or, when unable, by regular first-class U.S. mail, addressed to the following parties:

BAC  HOME LOANS SERVICING LP
**Attn: Managing Agent**
Mail Stop Ca6-919-01-23
400 National Way
Simi Valley, CA 93065-

BAC  HOME LOANS SERVICING LP
**Attn: Managing Agent**
Mail Stop Tx2-982-03-03
7105 Corporate Drive
Plano, TX 75024-

Sean Corcoran
Attorney for BAC  HOME LOANS SERVICING LP
Brock & Scott P.L.L.C.
5121 Parkway Plaza Drive, Ste. 300
Charlotte, NC 28217-

U.S. Bankruptcy Administrator

Richard M. Hutson, II
Chapter 13 Trustee

/s Renee Nolte
Renee Nolte